IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT JOSEPH MONTERO,

    Petitioner,                    No. 2:08-cv-1999 JFM

    vs.

JAMES D. HARTLEY, ACTING
WARDEN, AVENAL STATE PRISON,

    Respondents.             ORDER[1]
_____/

        Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction on charges of possession of controlled substances for sale. Before the court is respondents' motion to dismiss the petition as including unexhausted claims.

        Respondents argue that this action should be dismissed because petitioner has failed to exhaust all of the claims contained in his petition. Petitioner acknowledges that his petition before this court contains unexhausted claims. However, petitioner argues that the motion to dismiss should be denied and that his federal petition should be held in abeyance until

---

[1] Both parties consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Docket No. 5; Docket No. 14.)

he can exhaust those claims in state court. Petitioner states he is presently held in administrative segregation, and has been unable to obtain legal assistance either from his appellate counsel or from staff at Avenal State Prison. Petitioner contends he did not intend to abandon any of his issues.

In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Supreme Court confirmed the district court's discretion to stay a federal habeas proceeding. The endorsed procedure allows a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. *Rhines*, 544 U.S. at 277; see also *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. *Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) ("*Rhines* concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Id., 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Although petitioner may properly move for a stay and abeyance, the request should not be made in his opposition to respondent's pending motion. Therefore, the court will order petitioner to file a motion for a stay and abeyance. See Local Rule 78-230(m). The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious,

1  (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate
2  that petitioner has acted with diligence in pursuing additional claims.  Respondents' opposition
3  or non-opposition to petitioner's motion shall be filed 21 days thereafter, and petitioner's reply
4  shall be filed ten days thereafter.  Petitioner is cautioned that failure to demonstrate he has met
5  the requirements of <u>Rhines</u>, particularly the four factors set forth above, will result in the
6  dismissal of those claims.

7       In light of the circumstances set forth above, ruling on respondents' motion to
8  dismiss will be addressed upon resolution of petitioner's motion for stay and abeyance, if
9  necessary.

10       Accordingly, IT IS HEREBY ORDERED that

11       1. Within sixty days from the service of this order, petitioner shall file a motion
12  for a stay and abeyance which addresses the issues specified in this order.

13       2. Respondents' opposition or statement of non-opposition shall be filed 21 days
14  thereafter; petitioner's reply, if any, shall be filed ten days thereafter.

15  DATED:  February 25, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; mont1999.mtd