IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT JOSEPH MONTERO,

    Petitioner,               No. 2:08-cv-1999 JFM

    vs.

JAMES D. HARTLEY, ACTING
WARDEN, AVENAL STATE PRISON,

    Respondents.        ORDER[1]

          Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction on charges of possession of controlled substances for sale. Before the court are petitioner's motion to stay this action and respondents' motion to dismiss certain unexhausted claims.

          Petitioner's amended petition contains the following claims:

          Ground 1: CALCRIM No. 2302 "omitted essential elements" of the offense.

          Ground 2: The trial court erred in its response to the jury's questions.

          Ground 3. "[T]he trial court abused its discretion when it refused to give pinpoint instructions on constructive possession."

---

[1] Both parties consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Docket No. 5; Docket No. 14.)

1

> Ground 4: The giving of CALCRIM No. 2302 and "the trial court's response to the jury's request for clarifying instructions on constructive possession" denied him a fair trial.

(Amended Petition at 5-6.)

In petitioner's direct appeal to the California Court of Appeal, petitioner raised the following claims:

> I. The jury instruction on the charged offense of possession of a controlled substance for sale, CALCRIM No. 2302, erroneously omitted the elements of "dominion and control" and the knowing exercise of control over the methamphetamine he was charged with possession for sale. (AOB 14-26.)
>
> II. The trial court erred in failing to give a further explanation of the concept of control in response to questions by the jury during deliberations. (AOB 27-38.)
>
> III. The trial court erred in failing to give the three pinpoint instructions he requested regarding possession. (AOB 39-53.)
>
> IV. The errors claimed in arguments I, II, and III were cumulatively prejudicial. (AOB 54-55.)
>
> V. There was insufficient evidence that he was in possession of methamphetamine or that he possessed it for sale. (AOB 56-66.)
>
> VI. The records of Petitioner's prior burglary conviction did not sufficiently show that the burglary was in the first degree. (AOB 67-74.)

(Lodged Document No. 1, lodged December 4, 2008, Appellant's Opening Brief ("AOB"), filed October 20, 2006.)

Petitioner raised one claim before the California Supreme Court in his petition for review:

> I. The petition for review should be granted to determine whether newly-adopted CALCRIM No. 2302 erroneously omits essential elements of possession for sale and fails to articulate well-established principles of possession.

(Lodged Document No. 4, lodged December 4, 2008, Petition for Review, filed November 7, 2007.) Petitioner argued that CALCRIM No. 2302 omitted the elements of "dominion and

control," and "knowing exercise of control," and that 2302 was unsound and defective. (Id.) Petitioner also argued that CALCRIM No. 2302 undermined the reliability of the jury's verdict and such error could not have been harmless beyond a reasonable doubt. (Id.)

Under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), a district court has discretion to grant a stay and abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The Supreme Court made clear, however, that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Here, petitioner has failed to show good cause why he failed to exhaust all claims prior to filing this action, and has failed to demonstrate he has acted with diligence in pursuing the additional claims. Although petitioner contends the documents he provided demonstrate good cause, he submitted a copy of a pleading from an unidentified state court proceeding in which his counsel addressed the merits of petitioner's claims. There is no explanation as to why petitioner failed to exhaust all of his claims before filing in federal court, and he concedes: "These issues were not raised on [a]ppeal for what ever reason I do not know." (Motion at 2.)

Moreover, the documents submitted do not demonstrate that the claims petitioner wishes to return to state court to exhaust are potentially meritorious. Petitioner states, in conclusory fashion, that he was not given justice by the state court judge who allegedly allowed

false testimony by a Sacramento County Sheriff's Detective "knowing they were conducting perjury to secure a conviction." (Motion at 1.) Petitioner contends "[i]t was also lies and tampering with evidence as well that secured this conviction." (Id.) Petitioner then appended copies from the trial transcript, marking particular passages as "lies." However, petitioner has not supported his conclusions with facts or evidence, which is insufficient to demonstrate the unexhausted claims are potentially meritorious. Petitioner has also failed to demonstrate why the rejection by the California Court of Appeal was wrong. Finally, as noted by respondent, petitioner has failed to show he can avoid a procedural bar in state court because these claims were included in his direct appeal to the California Court of Appeal, but were not included in his petition for review filed before the California Supreme Court, and petitioner made no other collateral challenges in state court. In re Waltreus, 62 Cal.2d 218, 225 (1965). These claims would also be barred because they were not raised within a reasonable time. In re Clark, 5 Cal.4th 750, 784 (1993).

Accordingly, petitioner has not made the showing required by Rhines, 544 U.S. at 278, and the motion for stay will be denied. The court turns now to respondents' motion to dismiss.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

/////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

A comparison of the petition for review filed in the California Supreme Court with petitioner's opening brief reveals that the arguments supporting petitioner's first claim herein were made in connection with petitioner's first claim in the California Court of Appeal and the petition for review. Petitioner did not include any of the other claims from the opening brief submitted to the California Court of Appeal in his petition for review in the Supreme Court.

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims 2 through 4. Accordingly, the amended petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Good
/////

cause appearing, petitioner will be granted thirty days to file a second amended petition raising only his first claim.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 13, 2009 motion for stay is denied;

2. Respondents' December 3, 2008 motion to dismiss is granted;

3. Petitioner's amended petition for a writ of habeas corpus is dismissed; and

4. Petitioner is granted thirty days from the date of this order to file a second amended petition raising only his first claim. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: May 5, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; mont1999.sty

---

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).