IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT JOSEPH MONTERO,

    Petitioner,               No. 2:08-cv-1999 JFM

    vs.

JAMES D. HARTLEY, ACTING WARDEN, AVENAL STATE PRISON,

    Respondents.        ORDER[1]

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction on charges of possession of controlled substances for sale. By order filed May 6, 2009, the amended petition was dismissed and petitioner was granted thirty days in which to file a second amended petition that raised only his first claim for relief. The court determined that petitioner had failed to exhaust his other claims.

        On June 3, 2009, petitioner filed a second amended petition. However, petitioner again raised all of the claims he had raised in his amended petition. In addition, petitioner hand-wrote the petition on plain paper rather than filing the petition on the petition for writ of habeas

---

[1] Both parties consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Docket No. 5; Docket No. 14.)

1

corpus form provided by the court.  Because petitioner failed to follow this court's instructions, his second amended petition must be dismissed and petitioner will be given one final opportunity in which to file a third amended petition that raises only his first claim because that is the only claim for which he has exhausted state court remedies.[2]  Specifically, petitioner may only seek relief in this court for his first claim, which he articulated as follows:

> Ground 1:  CALCRIM No. 2302 "omitted essential elements" of the offense.

(Amended Petition at 5-6.)  He identified this claim before the California Supreme Court as follows:

> I.  The petition for review should be granted to determine whether newly-adopted CALCRIM No. 2302 erroneously omits essential elements of possession for sale and fails to articulate well-established principles of possession.

(Lodged Document No. 4, lodged December 4, 2008, Petition for Review, filed November 7, 2007.)

As previously explained, the United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Thus, petitioner's second amended petition is also a mixed petition containing both exhausted and unexhausted claims and must be dismissed.  Good cause appearing, petitioner will be granted thirty days to file a third amended petition raising only his first claim.[3]

---

[2]  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

[3]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any

However, petitioner is cautioned that if he again fails to file a petition that raises only the one exhausted claim, the court will dismiss his petition for his failure to comply with this court's orders.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's second amended petition for a writ of habeas corpus is dismissed.

2. Petitioner is granted thirty days from the date of this order to file a third amended petition raising only his first claim concerning CALCRIM No. 2302.  Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

3. The Clerk of the Court is directed to send petitioner the form for filing a petition for writ of habeas corpus.

DATED: July 7, 2009.

UNITED STATES MAGISTRATE JUDGE

001; mont1999.lta2

---

other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).