IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT JOSEPH MONTERO,

      Petitioner,                                No. 2:08-cv-1999 JFM (HC)

    vs.

JAMES D. HARTLEY, ACTING
WARDEN, AVENAL STATE PRISON,

      Respondents.                         <u>ORDER TO SHOW CAUSE</u>[1]

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction on charges of possession of controlled substances for sale. By order filed May 6, 2009, the amended petition was dismissed and petitioner was granted thirty days in which to file a second amended petition that raised only his first claim for relief. The court determined that petitioner had failed to exhaust his other claims.

        On June 3, 2009, petitioner filed a second amended petition. However, petitioner again raised all of the claims he had raised in his amended petition. In addition, petitioner hand-wrote the petition on plain paper rather than filing the petition on the petition for writ of habeas

---

[1] Both parties consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Docket No. 5; Docket No. 14.)

corpus form provided by the court. Because petitioner failed to follow this court's instructions, his second amended petition was dismissed and petitioner was given one final opportunity in which to file a third amended petition that raised only his first claim because that is the only claim for which he had exhausted state court remedies.[2] Specifically, petitioner was allowed to only seek relief for his first claim, which he articulated as follows:

      Ground 1: CALCRIM No. 2302 "omitted essential elements" of the offense. (Amended Petition at 5-6.) He identified this claim before the California Supreme Court as follows:

> I. The petition for review should be granted to determine whether newly-adopted CALCRIM No. 2302 erroneously omits essential elements of possession for sale and fails to articulate well-established principles of possession.

(Lodged Document No. 4, lodged December 4, 2008, Petition for Review, filed November 7, 2007.)

      On July 22, 2009, petitioner filed a third amended petition. Petitioner included the above ground as his first ground in the third amended petition. (Id. at 5.) However, he then included three additional claims, despite this court's order forbidding him to do so. That July 8, 2009 order also warned petitioner "that if he again fails to file a petition that raises only the one exhausted claim, the court will dismiss his petition for his failure to comply with this court's orders." (Id. at 3.) In Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982), the Supreme Court held that "mixed" federal habeas petitions -- that is, those containing both exhausted and unexhausted claims -- must be dismissed for failure to exhaust state remedies.

---

[2] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall show cause, within fifteen days, why this action should not be dismissed for his failure to comply with this court's orders. Petitioner may avoid dismissal of this action only by filing an amended petition that raises the first ground alone, as required by this court's prior orders.

2. The Clerk of the Court shall send petitioner the form for filing a petition for writ of habeas corpus.

DATED: October 8, 2009.

UNITED STATES MAGISTRATE JUDGE

001; mont1999.osc