IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT JOSEPH MONTERO,

    Petitioner,

vs.

KATHY MENDOZA-POWERS, Warden,

    Respondent.

                           /

No. 2:08-cv-01999 KJN P

ORDER[1]

## I. Introduction

Petitioner is a state prisoner[2] proceeding without counsel with an amended

---

[1] Both parties consented to the jurisdiction of the magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5, 14.) Petitioner subsequently requested, without explanation, to withdraw his consent. (Dkt. No. 17.) However, parties may not withdraw their consent without a showing of good cause or under extraordinary circumstances. 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."). Thus, petitioner's request will be disregarded.

[2] Petitioner's address of record indicates that he is incarcerated at the California Rehabilitation Center in Norco, California. However, when petitioner last communicated with the court on September 3, 2010, he stated that he was "almost getting ready for release." (Dkt. No. 38.) Petitioner is informed that Local Rule 182(f) requires that a party appearing without counsel timely inform the court of any address change. If petitioner has been paroled and he fails timely to so inform the court, this case may be dismissed on that basis. See Local Rules 182, 110.

petition for a writ of habeas corpus filed on October 19, 2009, pursuant to 28 U.S.C. § 2254. (Dkt. No. 32.)  Petitioner challenges his 2006 conviction for possession of methamphetamine for sale (a violation of California Health and Safety Code section 11378), based on his claim that an instruction to the jury omitted essential elements of the charged offense.  Petitioner was sentenced to twelve years in state prison on April 7, 2006, based on the conviction and the court's finding that petitioner's prior conviction allegations were true.

After careful consideration of the record, the undersigned recommends that the petition be denied.

II.  Anti-Terrorism and Effective Death Penalty Act

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error.  Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d).  Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court.  There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law.  Id. at 405.  "Contrary to" clearly established law applies to two situations:  (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law; or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on-point Supreme Court cases which mandate the result for the precise factual scenario at issue.

Id. at 407-08. It is this prong of the AEDPA standard of review which directs deference to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law.... [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19 (2002).

"Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority, in arriving at their decision. Early v. Packer, 537 U.S. 3 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

When reviewing a state court's summary denial of a claim, the court "looks through" the summary disposition to the last reasoned decision. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

III. Factual Background

The opinion of the California Court of Appeal on direct appeal, certified for partial publication, is the last reasoned decision to address petitioner's claim. The opinion also contains a factual summary of the circumstances of petitioner's arrest and the charges against him. After independently reviewing the record, the court finds this summary to be accurate and adopts it herein.

FACTS

> Sacramento County sheriff's deputies conducted a parole search of a residence and a detached garage on the property. The residence did not belong to defendant. The door to the garage was slightly opened, and officers could see a large male behind the door. They opened the door and saw two other males in the garage, one of whom was defendant standing toward the rear of the building. The officers directed the men to come out of the garage and get on the ground.
>
> Detective Stephen Buccellato took control of defendant. Buccellato determined defendant was on parole, and he performed a parole search on him. The detective found a small Ziploc bag, about one-inch square, containing .99 grams of crystal methamphetamine in defendant's pocket. He found other identical-sized empty Ziploc bags on defendant. Buccellato also found $483 in cash on defendant, consisting of one $100 bill, 15 $20 bills, three $10 bills, eight five-dollar bills and 13 one-dollar bills.
>
> Inside defendant's wallet, Buccellato found a "pay/owe sheet," 1-1/2

> inches square, with the writing, "August 22nd of 005 $40 Jr," "August 23rd," followed by illegible writing, and a dollar sign with no other notation. He found 11 similarly sized blanks sheets of paper on defendant. He also found an ATM card and a bank slip bearing defendant's name and showing a $2,800 disbursement. Buccellato read defendant his rights.
>
> Inside the garage, deputies found drugs and drug paraphernalia. Searching in the rear of the garage where defendant was first seen, deputies located a cigarette pack containing three baggies of methamphetamine weighing 1.16, 1.28 and .13 grams, packaged in the same type of small Ziploc bags found on defendant. The cigarette pack and its contents were found near a cellular telephone defendant said was his. In the same area as the cigarette pack and the phone, deputies found a baggie containing two small Ziploc bags of methamphetamine, weighing .14 grams each, and a piece of yellow lined paper with the notation "$20" followed by some writing.
>
> Also near the cigarette pack, deputies found another small Ziploc bag containing a price tag and residue of apparent methamphetamine. They also found a larger green package of methamphetamine weighing 3.14 grams, a methamphetamine smoking pipe, an electronic scale, and a second, nondigital scale.
>
> In other locations in the garage, deputies found a small bag of methamphetamine weighing .11 grams, and two packages of methamphetamine weighing 3.10 grams and 2.92 grams.
>
> Detective Sean Berry again informed defendant of his rights. Defendant told Berry that the drugs in his pockets belonged to him but the drugs in the garage did not. He said he used drugs but he did not sell them. Defendant said he had used methamphetamine that morning.
>
> The prosecution's expert witness testified that in his opinion, based on the totality of the evidence, the methamphetamine found in defendant's pocket was possessed for the purpose of sale.

People v. Montero, 155 Cal. App. 4th 1170, 1173-74 (3d Dist. 2007).

At petitioner's trial, the jury was instructed in pertinent part with California model jury instruction CALCRIM No. 2302. As given by the trial court, the instruction reads:

> The defendant is charged with possession for sale of methamphetamine, a controlled substance. To prove that the defendant is guilty of this crime, the People must prove that:
>   1. The defendant possessed a controlled substance;
>   2. The defendant knew of its presence;
>   3. The defendant knew of the substance's nature as a controlled substance;
>   4. When the defendant possessed the controlled substance, he intended to sell it;

5

> 5. The controlled substance was methamphetamine; AND
> 6. The controlled substance was in a usable amount....
> A person does not have to actually hold or touch something, to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person."

People v. Montero, 155 Cal. App. 4th at 1175-76 (internal quotation marks omitted).

The Court of Appeal summarized the facts relative to the jury's deliberations:

> During deliberations, the jury forwarded the following request to the trial court: "Clarification on possession: [¶] We have read the last two paragraphs of [CALCRIM No. 2302] and still need clarification:
>
> "How do we evaluate the idea of 'control'? Is it enough that [defendant] was in the same room as excessive amounts of drugs, scales ect [sic] that are in plain precence [sic] or tucked-away; is it enough to say that he was indeed in 'control' and in possession of these items?"
>
> The court responded: "In response to your question, 'How do we evaluate the idea of "control?"': It is for the jury to decide."
>
> "In response to your question, 'Is it enough that [defendant] was in the same room as excessive amounts of drugs, scales ect [sic] that are in plain precence [sic] or tucked-away; is it enough to say that he was indeed in "control" and in possession of these items?': It is also for the jury to decide."
>
> "Please reread instruction # 2302 [CALCRIM No. 2302] in this regard."
>
> After deliberating further, the jury informed the court it was unable to reach a unanimous verdict on the possession for sale count. However, it had unanimously reached a verdict on the lesser included offense of simple possession. The jury asked if it could convict on the lesser charge yet remain deadlocked on the possession for sale count. The court told the jury it could not, and it instructed the jury to reread CALCRIM No. 3518 on the process for convicting on a lesser included offense. The jury later convicted defendant of possession for sale.
>
> After the trial's conclusion, the court set forth on the record its reasons for responding to the jury's request for clarification as it did. The court explained that upon receiving the request, it consulted with counsel and interpreted the two questions as seeking "how to go about evaluating the idea of control as to the first question and, secondly, a sufficiency of the evidence question on the second one. So the Court was-did [sic] not read this request for clarification as a request to clarify a jury instruction, but rather, a request as to how they should deliberate or how they should go about their deliberations."
>
> The court believed that with these questions, "the jury was disclosing their internal deliberations, which they shouldn't do anyway, but especially the

second part of that where they gave a fact pattern and asked if that was enough. So it appeared to me that this question was inappropriately asking the Court to assist them in their substantive deliberations and, again, was not a request for a clarification of the instruction on possession."

People v. Montero, 155 Cal. App. 4th at 1178-79.

On January 24, 2006, petitioner was found guilty of violating Section 11378 of California's Health and Safety Code (Possession for Sale of Methamphetamine). (Ldgd. Doc. No. 5, at 141.)

The Court of Appeal thereafter rejected all of petitioner's claims, including that CALCRIM No. 2302 omitted essential elements of the crime of possession for sale, that the trial court erred in failing to give additional instructions in response to the jury's requests for clarification, that the trial court erred in refusing defendant's proposed pinpoint instructions on constructive possession, and that the cumulative effect of instructional errors denied defendant a fair trial. Plaintiff sought review from the California Supreme Court only on his first claim, which was summarily denied.

Petitioner filed his initial petition in this court in August 2008. Pursuant to respondent's motion to dismiss filed December 3, 2008, the court determined that petitioner had exhausted only the first of his claims and directed petitioner, on three separate occasions, to file an amended petition limited to that claim. (See Dkt. Nos. 26, 29, 31.) Petitioner's amended petition filed October 19, 2009, met this requirement, contending only that "CALCRIM No. 2302 'omitted essential elements' of the offense." (Dkt. No. 32, at 4.) Respondent filed an answer to the petition on December 10, 2009. (Dkt. No. 35.)

Thus, as framed by petitioner, the sole contention before this court is whether "CALCRIM No. 2302 'omitted essential elements' of the offense . . . of possession for sale and fails to articulate well established principles of possession." (Dkt. No. 32, at 4.) While petitioner does not identify the elements which he asserts are missing from the instruction, the court has looked to petitioner's arguments presented in his Petition for Review submitted to the California

Supreme Court. (Lodged Document ("Ldgd. Doc.") No. 4.) As presented therein, petitioner argued that CALCRIM No. 2302 improperly omits the "dominion and control" and "knowing exercise of control" elements essential to finding the crime of possession of a controlled substance for sale in a violation of California Health and Safety Code section 11378.[3] (Ldgd. Doc. No. 4, at 8 -14.) Petitioner argued that the omission of these "crucial elements of possession and control" constituted instructional error that "could not have been harmless beyond a reasonable doubt," citing Chapman v. California, 386 U.S. 18, 24 (1967) (requiring the court to determine whether a federal constitutional error is harmless beyond a reasonable doubt). (Ldgd. Doc. No. 4, at 18.)

Respondent contends that petitioner's application for a writ of habeas corpus should be denied because the challenged instruction is consistent with state law and comports with due process, and that the decisions of the state courts upholding the instruction are neither contrary to, nor involve an unreasonable application, of controlling United States Supreme Court precedent.

IV. Discussion

A. Legal Standards

A challenge to jury instructions does not generally state a federal constitutional claim. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983); see also Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Habeas corpus relief is unavailable for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62 (1981); see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). The standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)."

---

[3] California Health and Safety Code § 11378 provides generally that "every person who possesses for sale any controlled substance," as identified by the statute, "shall be punished by imprisonment in the state prison."

Estelle v. McGuire, 502 U.S. at 68. In order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness." Id. at 73. The Supreme Court has narrowly defined the category of infractions that violate fundamental fairness. Id.

When what is at issue is the failure to give an instruction, petitioner's burden is "especially heavy" because it has been held that "[a]n omission or an incomplete instruction is less likely to be prejudicial than a misstatement of the law." Henderson v. Kibbe, 431 U.S. 145, 155 (1977). Moreover, a trial judge need not instruct on a defense which would be inconsistent with petitioner's theory of the case. Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir. 1984). Failure to give a jury instruction under these circumstances will not amount to a due process violation. Id.

The burden upon petitioner is greater yet in a situation where he claims that the trial court did not give an instruction sua sponte. To the extent that petitioner rests his claim on a duty to give an instruction sua sponte under rules of state law, petitioner has stated no federal claim. Indeed, in the failure to give a lesser included offense instruction context, the Ninth Circuit has held in non-capital cases that the failure to give the instruction states no federal claim whatsoever. James v. Reece, 546 F.2d 325, 327 (9th Cir. 1976). Therefore, in order to violate due process, the impact on the proceeding from failure to give an instruction sua sponte must be of a very substantial magnitude.

Furthermore, the Supreme Court has held that there is no unreasonable application of federal law where a state appellate court decided that a jury instruction's single incorrect statement of the "imperfect self-defense" standard did not render the instruction reasonably likely to have misled the jury. Middleton v. McNeil, 541 U.S. 433 (2004).

B. Analysis

Petitioner contends that California case law supports his argument that the

concepts of "dominion and control" and "knowing exercise of control" are "essential elements" of possession of a controlled substance for sale, and that neither concept is reflected in "the superficial and insufficient 'control or right to control' language used in CALCRIM No. 2302..." (Ldgd. Doc. No. 4, at 8-14.)  Petitioner relies, inter alia, on People v. Bland (1995) 10 Cal. 4th 991, 995 ("[p]ossessory drug offenses are continuing crimes that extend throughout a defendant's assertion of dominion and control over the drugs, even when the drugs are not in the defendant's immediate physical presence"); People v. Martin (2001) 25 Cal. 4th 1180, 1184 ("[t]he essential elements of unlawful possession of a controlled substance are dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character" (citation and internal quotation marks omitted)); People v. Palaschak (1995) 9 Cal. 4th 1236, 1242 (same); People v. Gory (1946) 28 Cal.2d 450, 455-56 ("knowledge of the presence of the object as embraced within the concept of 'physical control with the intent to exercise such control'. . . constitutes the 'possession' denounced by the statute [and]. . . is the essence of the offense"); In re Daniel G. (2004) 120 Cal. App. 4th 824, 831 ("[c]onstructive possession means the object is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object"); People v. Mejia (1999) 72 Cal. App. 4th 1268, 1272 ("constructive possession of any article . . . is established by showing a knowing exercise of dominion and control over [the] item").

Petitioner argues that the trial court's reliance on CALCRIM No. 2302 (rather than, for example, CALJIC 12.00)[4] failed to properly inform the jury that they must find that

---

[4] Former CALJIC 12.00 provided in pertinent part:

There are two kinds of possession: actual possession and constructive possession. "Actual possession" requires that a person knowingly exercise direct physical control over a thing. "Constructive possession" does not require actual possession but does require that a person knowingly exercise control over or the right to control a thing, either directly or through another person or persons. [One person may have possession alone, or two or more persons together may share actual or constructive possession.]

petitioner exercised "dominion and control" and "knowing exercise of control" over the controlled substances at issue, and thus "invited the jury to use [petitioner's] mere proximity to the drugs and access as evidence of control, stressing that if [petitioner] moved the drugs or had a right to do so, he was in control for purposes of possession for sale," rather than accepting petitioner's defense "that he was present inside the garage as a user, that he possessed a single baggie of methamphetamine for personal use, and lacked dominion and control of all other drugs in the garage." (Ldgd. Doc. No. 4, at 17-19.)

Petitioner made the identical argument to the California Court of Appeal (Ldgd. Doc. No. 1, at 15-26), which denied the claim for the following reasons:

> Defendant claims CALCRIM No. 2302 erroneously omits the elements of "dominion and control" and the "knowing exercise of control" from its definition of possessing methamphetamine for sale. We disagree.
>
> Witkin summarizes the common elements of all drug possession offenses as follows:
>
> (a)  A specified controlled substance, in a sufficient quantity and in a usable form.
> (b)  Possession, which may be physical or constructive, exclusive or joint.
> (c)  Knowledge of the fact of possession and of the illegal character of the substance.
>
> (2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against

---

In order to prove this crime, each of the following elements must be proved:
  1. A person exercised control over or the right to control an amount of _____, a controlled substance;
  2. That person knew of its presence;
  3. That person knew of its nature as a controlled substance; and
  4. The substance was in an amount sufficient to be used as a controlled substance.

Effective January 1, 2006, the California Judicial Council withdrew its endorsement of the CALJIC instructions and adopted the CALCRIM instructions, which were drafted by a task force appointed in 1997 by the Chief Justice of the California Supreme Court. See Reuters, California Criminal Practice: Motions, Jury Instructions and Sentencing, § 42:1.1 (3d ed.). A court's reliance on CALCRIM instructions is not mandatory but "strongly encouraged" and "recommended" by the Judicial Council, as reflected in the Rules of Court. People v. Thomas (2007) 150 Cal. App. 4th 461, 465; California Rules of Court, Rule 2.1050.

11

Public Peace and Welfare, § 82, p. 592, citations omitted.)

The crime of possession for sale contains the additional element of proof of a specific intent to sell the substance. (2 Witkin & Epstein, supra, Crimes Against Public Peace and Welfare, § 82, p. 592.) (See In re Christopher B. (1990) 219 Cal. App. 3d 455, 466, 268 Cal. Rptr. 8.)

CALCRIM No. 2302 adequately captures and conveys each of these elements to the jury. [Text of CALCRIM No. 2302 provided.]

. . . Defendant faults the instruction for not requiring the jury to find that the defendant knowingly exercised control and for not using the phrase "dominion and control" as part of the possession element. Both points are meritless.

The instruction correctly expresses the knowledge requirement. Two kinds of knowledge are required: "knowledge of the fact of possession," and "knowledge of the character of the thing possessed." (2 Witkin & Epstein, supra, Crimes Against Public Peace and Welfare, § 90, p. 602.) Repeating these elements, the instruction requires the jury to find that the defendant knew of the substance's presence, and that he also knew the substance was a controlled substance. No knowledge of additional possession or control was required.

The instruction also correctly restates the possession requirement. Many courts have long stated this requirement as a showing that defendant exercised dominion and control over the controlled substance. (See, e.g., People v. Palaschak (1995) 9 Cal. 4th 1236, 1242, 40 Cal. Rptr. 2d 722, 893 P.2d 717 ["essential elements of possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character.' "]; People v. Parra (1999) 70 Cal. App. 4th 222, 225-226, 82 Cal. Rptr. 2d 541 ["prosecution must prove beyond a reasonable doubt that (1) the defendant exercised dominion and control over the controlled substance ..."].)

This phrase is merely a different way of saying the defendant possessed the substance physically or constructively. Our Supreme Court has approved this summary of the elements of simple possession, a formula that does not contain the phrase "dominion and control": " 'The defendant exercised control over the narcotics, he or she knew of its nature and presence, and possessed a usable amount. (CALJIC No. 12.00.)' " ( People v. Martin (2001) 25 Cal. 4th 1180, 1191, 108 Cal. Rptr. 2d 599, 25 P.3d 1081, quoting People v. Spry (1997) 58 Cal. App. 4th 1345, 1369, 68 Cal. Rptr.2d 691.) CALJIC No. 12.00, the predecessor to CALCRIM No. 2302, also does not contain the phrase "dominion and control," but the Supreme Court nonetheless declared the instruction "accurately restated the law." (People v. Morales (2001) 25 Cal. 4th 34, 47-48, 104 Cal. Rptr. 2d 582, 18 P.3d 11.)

The phrase itself is redundant and archaic. The word "dominion" is

>defined as "Control; possession" (Black's Law Dict. (8th ed. 2004) p. 525); or "rule; control; domination." (Random House Dict. of the English Language (2d ed.1987) p. 582.) To dominate is "to rule over; govern; control." (Ibid.) The authors of CALCRIM No. 2302 were instructed to develop instructions that were legally accurate, understandable to the average juror, and written in plain English. (Preface to Judicial Council of Cal. Crim. Jury Instns. (2006-2007) p. ix.) They wisely decided not to perpetuate the redundancy. They did so by omitting the phrase in the instruction.
>
>CALCRIM No. 2302 captures all of the elements of the crime of possession for sale. It correctly states the elements of possession and knowledge in a manner reasonable jurors are able to understand. The trial court committed no error in giving the instruction to the jury.

People v. Montero, 155 Cal. App. 4th at 1174-77 (fn. omitted).

This reasoning was reinforced by the Court of Appeal's decision in People v. Williams (2009) 170 Cal. App. 4th 587, 625, which cited Montero, 155 Cal. App. 4th at 1175-76, for the principle that "[p]ossession may be physical or constructive, and more than one person may possess the same contraband," and quoted People v. Valerio (1970) 13 Cal. App. 3d 912, 921 ("conviction is not precluded . . . if the defendant's right to exercise dominion and control over the place where the contraband was located is shared with another") (internal quotation marks omitted). See also, Rathbun v. Prosper, 2010 WL 796977, * 6 (E. D. Cal. 2010) (citing Williams (and thus, implicitly, Montero) for the principle that more than one person may physically or constructively possess the same contraband); Davis v. United States, 2010 WL 334502, *14 (C.D. Cal. 2010) (same).[5]

---

[5] Montero has also been relied upon in multiple unpublished Court of Appeal opinions. See, e.g., People v. Price (2008) 2008 WL 2815480, *3-4 (rejecting appellant's challenge to CALCRIM No. 2302 because it does not require a finding that the accused had "dominion and control" over the controlled substance, based on the reasoning of Montero); People v. Probst (2009) 2009 WL 537648, *3-4 (finding Montero "controlling" in rejecting defendant's arguments that CALCRIM No. 2302 improperly omits the concepts of "knowing and intentional control" and "constructive possession"); People v. Salinas-Almaguer (2009) 2009 WL 3130349, *4-5 (rejecting appellant's argument that CALCRIM No. 2302 "erroneously omits the traditional elements of 'dominion and control' and the 'knowing exercise of control' from its definition of possessing methamphetamine for sale," based on the "established law" articulated in Montero). But see California Rule of Court 8.1115 (2010) (unpublished Court of Appeal decisions may not

For the reasons stated by the Court of Appeal, the challenged instruction comports with state law. The instruction requires a finding that a defendant had knowledge of the character of a controlled substance and its presence, as well as had control of, or the right to control, the substance, even if through or shared with another person. As applied to this case, the trial court's reliance on CALCRIM No. 2302 required the jury to find that petitioner knew that methamphetamine was a controlled substance and that it was present in usable amounts in the garage and, based on reasonable inferences premised on the proximity of the substance to petitioner and his personal belongings (including indices of his participation in selling methamphetamine) that petitioner had control (or the right to exercise control) of the substance and therefore possessed it.[6] See, e.g., People v. Morgan (2005) 125 Cal. App. 4th 935, 942 (authorizing admission of circumstantial evidence that controlled substance was possessed for purposes of sale). See also, U.S. v. Valle-Montalbo, 474 F.3d 1197, 1201 (9th Cir. 2007) ("Both the plain text of Health & Safety Code § 11378, and California case law confirm that § 11378 only criminalizes possession of dangerous drugs with the intent to sell them.").

The Court of Appeal reasonably found the phrase "dominion and control" to be archaic and redundant, and, inferentially, the term "knowing exercise of control," concluding that

---

be cited or relied upon except under limited circumstances not present here).

[6] Petitioner challenges only the "possession" component of CALCRIM No. 2302, and does not directly address the "for sale" component of the instruction or of Health and Safety Code section 11378; however, circumstantial evidence of the latter is clearly relevant to the question of possession. In addition, the jury was instructed with CALCRIM No. 252, which provides in pertinent part:

> Every crime charged in this case requires proof of the union, or joint operation, of act and wrongful intent. [¶ ] The following crime requires a specific intent or mental state: possession of a controlled substance for sales (Health and Safety Code Section 11378(a)), as charged in Count One. To be guilty of this offense, a person must not only intentionally commit the prohibited act, but must do so with a specific intent or mental state. The act and the intent or mental state required are explained in the instruction for [the] crime.

(Ldgd. Doc. No. 5 (Clerk's Transcript), at 111.)

CALCRIM No. 2302 correctly reflects the essential requirement of actual or constructive possession, and that "[n]o knowledge of additional possession or control [is] required." People v. Montero, 155 Cal. App. 4th at 1176. As noted by the Court of Appeal, even CALJIC 12.00, on which petitioner relies, does not contain the phrase "dominion and control." Moreover, the indices of petitioner's participation in the sale of methamphetamine support the jury's implicit finding that petitioner "knowingly exercised control."

Petitioner's argument before this court is premised on his challenge to the content of CALCRIM No. 2302 and his assertion that the trial court's reliance on the allegedly inadequate instruction denied petitioner a fair trial. However, federal habeas courts may not grant relief simply because a state jury instruction fails to comport with state law. Estelle, supra, 502 U.S. at 71-72. "[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process. A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Middleton v. McNeil, supra, 541 U.S. at 437 (citations and internal quotations omitted).

There is no clearly established federal law or Supreme Court precedent controlling the contents of the challenged state jury instruction. That numerous other California Courts of Appeal have adopted the reasoning of Montero underscores its alignment with state law. See n.5, supra, and related text. Because the challenged instruction is consistent with state law, and because there is no reasonable likelihood that the jury applied the challenged instruction in a way that violated petitioner's due process rights, this court finds no error in the trial court's reliance on CALCRIM No. 2302. It is therefore the conclusion of this court, pursuant to an AEDPA review, that the decisions of the state courts upholding the challenged instruction are neither contrary to, nor involve an unreasonable application, of established federal law.

////

////

VI. <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

DATED: December 6, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont1999.157.kjn